Andrukat et ux., Appellants, *v.* Packard Lackawanna Auto Company.

Argued March 4, 1942. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Carlon M. O'Malley,* with him *Ralph P. Needle,* of *Needle, Needle & Needle,* for appellants.

*Walter W. Harris,* of *O'Malley, Hill, Harris & Harris,* with him *James W. Scanlon,* for appellee.

OPINION BY HIRT, J., July 23, 1942:

Armistice Day was celebrated with an appropriate program in Court House Square in the City of Scranton on the morning of November 11, 1940. Several thousands of people attended the exercises, attracted for the most part by the presence of a young Scranton girl, who under the name of Gloria Jean had attained some popularity in the motion picture industry as a singer, and was regarded by her townspeople as a motion picture 'star'. Washington Avenue for the entire block along the square was closed to traffic, except to street cars and buses, and large crowds of people stood in the roadway during the exercises. After the young girl had sung her number she was escorted by police officers and Legionnaires to an automobile, owned by defendant in charge of its employee, which was then standing along the east curb of Washington Avenue headed north. Her escorts had difficulty in getting through the crowd and were unable to approach the car from the curb side. They worked their way into the street and finally deposited their charge in the car through the left rear door of the automobile. Mrs. Schoonover, the child's mother, was then in the front seat of the car. Members of the crowd milled about the car seeking an opportunity to talk with the child or to obtain her autograph. Plaintiffs knew the Schoonover family and were standing on the street side of the automobile conversing with the occupants of the car for ten or fifteen minutes until it was driven away. During that time, the wife-plaintiff was standing in the roadway, well toward the front of the car, to the left of the driver. To her right was her aunt, a Mrs. Boldry, and her husband stood to the right of the aunt. As the moving car passed the wife-plaintiff her right leg was caught between the left rear fender of the car

and the bumper; she was thrown to the pavement and was injured. The jury found for both plaintiffs but the lower court set aside the verdicts and entered judgments for defendant n. o. v. The entry of these judgments is the subject of the single assignment of error.

In the light of the verdicts we must disregard defendant's testimony that two police officers, one of them standing on the left running board of the car, a number of Legionnaires and at least one volunteer cooperated in controlling the action of the crowd in making a way for the automobile to proceed northwardly from the place where it was parked. Plaintiff's evidence must be given the interpretation most favorable to them. But the burden was upon them not only to prove that the defendant was guilty of negligence but to present a case free from contributory negligence of the wife. We agree with the lower court that giving the plaintiffs the benefit of the most favorable inferences from the evidence, and resolving all doubts in their favor, the testimony of the wife-plaintiff convicts her of contributory negligence barring recovery.

By her testimony the wife-plaintiff knew that the child entered the car 'to go on her journey' and that 'the car was going to move away.' She observed the officers getting 'rid of the people in the front in order for the car to pull forward, to go up the street.' She was within her rights in standing in the cartway but with the knowledge that the automobile was about to be moved, the duty was upon her to be vigilant for her safety. The wife testified that she was standing near the car opposite the driver's seat but 'couldn't say' how far she was from it. She testified: "When it started out, *in some way* my leg got caught in the car. It went past my husband and my aunt and it went past me and caught me in the leg and threw me to the pavement ...... It was the bumper because my leg got caught between the bumper and the fender in the rear on the left side ......" Plaintiffs' testimony fails to show the course of the car in moving from where it was parked.

If the movement was forward in a straight line along the curb, the wife could not have been struck unless she walked into the car. And if the automobile in starting, turned to the left away from the curb into the street, she had ample opportunity to observe that movement in time to step back and avoid the rear of the car as it passed her. Moreover, if the difference in the arcs described by the front and the rear wheels of an automobile in pulling away from the curb be considered, the accident could not have happened as she says it did. There is no lateral movement of the rear of an automobile in turning into the street. If that was the movement of the automobile she might have been struck by the body of the car or by the running board or the side of the rear fender but her leg could not have been caught between the rear fender and the bumper unless she stepped forward into that space as the car passed her.

Under the wife's testimony she was *not* forced against the car by a surge of the crowd; there was nothing to prevent her from stepping to a position of safety and the only possible inference is that she was not giving attention to the movement of the car. This conduct is more than a mere failure to anticipate negligence, which would excuse her; it is a violation of a duty imposed upon her by law, the duty of observing the car which she knew was about to be moved and of exercising due care for her safety in the light of that circumstance. All of the material facts and reasonable inferences considered in the light most favorable to plaintiffs charge her with contributory negligence. *Young v. Phila. Rapid Transit Co.*, 248 Pa. 174, 93 A. 950.

Since plaintiffs are barred from recovery by the contributory negligence of the wife, it is not necessary to inquire whether the lower court was right in its conclusion that there is no proof that the injury was the proximate result of defendant's negligence in moving the automobile suddenly and without warning.

Judgments affirmed.